UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John Prendeville,<br><br>    Plaintiff<br><br>  v.<br><br>McCarthy Holthus, LLP; Quality Loan Service Corp., James Dimon, *et al.*,<br><br>    Defendants | Case No. 2:23-cv-00472-CDS-BNW<br><br>**Order Granting Defendants' Motions to Dismiss and Denying Plaintiff's Motion for an Order to Show Cause**<br><br>[ECF Nos. 10, 11, 13, 24] |

    This is the fifth action brought by pro se plaintiff John Prendeville involving real property located at 3877 Placita Del Lazo, Las Vegas, Nevada 89120.[1] Prendeville initiated this action in March 2023 in Las Vegas Justice Court. Defendants Quality Loan Servicing Corporation and McCarthy Holthus, LLP removed this action to federal court based on federal-question jurisdiction under 28 U.S.C. §§ 1331.

    McCarthy Holthus and Quality Loan move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, they seek summary judgment, arguing that the complaint fails to state a claim upon which relief can be granted because Prendeville failed to timely dispute the debt as required by 15 U.S.C. § 1692(k) and that the operative complaint violates of the one-year statute of limitations. *See generally* ECF No. 10.[2] Defendants JP Morgan Chase and James Dimon also separately move to dismiss. ECF Nos. 11, 13.[3] JP Morgan argues that Prendeville's claims are barred by the doctrine of judicial estoppel based on his bankruptcy

---

[1] *See* (1) 2:22-cv-00702-RFB-VCF; (2) 22-11553-abl, United States Bankruptcy Court (Nevada); (3) 22-13675-abl, United States Bankruptcy Court (Nevada); and (4) 23-01009-abl (adversary proceeding).

[2] Defendants JP Morgan Chase; MEB Loan Trust VII; Select Portfolio Servicing, Inc.; and US Bank Trust all join in McCarthy Holthus and Quality Loan Service's motion to dismiss. ECF Nos. 12, 19.

[3] Dimon; McCarthy Holthus; Quality Loan Service Corp.; MEB Loan Trust VII; Select Portfolio Servicing, Inc.; and US Bank Trust all join in JP Morgan Chase's motion to dismiss. ECF Nos. 14, 17, 18. Thus, all defendants effectively move to dismiss either directly, via joinder, or both.

actions and further argues that Prendeville fails to state a claim for relief because activities related to a non-judicial foreclosure do not constitute "debt collection" under the Federal Debt Collection Practices Act (FDCPA). ECF No. 11. Dimon, the Chief Executive Officer for Chase, argues that naming him as a defendant was done in bad faith and simply to harass him, and he further argues that Prendeville's assertion that Dimon was served with process is wholly untrue. ECF No. 13. Prendeville's response to the three motions to dismiss was due on May 11, 2023. *See* LR 7-2(b) ("The deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion"); *see also* docket entries for ECF Nos. 10, 11, and 13 (listing May 11, 2023 as the response deadline). As of the date of this order, no response has been filed to any of the three motions to dismiss.

On May 2, 2023, Prendeville filed a motion for an order to show cause, challenging removal of this action to federal court. ECF No. 24. Liberally construed, Prendeville's motion appears to argue that there is no diversity amongst the parties and that this court therefore lacks jurisdiction over the action. *See generally, id.* Defendants respond that Prendeville misapprehended their basis for removal. *See generally* ECF No. 25. They argue that removal was not based on diversity jurisdiction but was instead based on the fact that there is a federal question on the face of the complaint. *Id.*

For purposes of judicial economy, I resolve the pending motions to dismiss. However, in the future, defendants are cautioned that motions filed in violation of this district's local rules could be denied.[4] After weighing the relevant factors, I find that dismissal as to all defendants is appropriate. I therefore grant the three pending motions to dismiss, deny Prendeville's motion seeking an order to show cause, and direct the Clerk of Court to close this case.

I.  **Legal standard**

Unlike when considering motions for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali*

---

[4] All three motions to dismiss fail to comply with Local Rule 10-3(d), which requires that an index of exhibits be provided. No indexes were included.

*v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, courts must weigh the following factors, outlined in *Ghazali v. Moran*: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

## II.   Discussion

As a threshold matter, I find that this case was properly removed from Las Vegas Justice Court under 28 U.S.C. § 1331, as the only claim—arising under 15 U.S.C. § 1692(g)—presents a federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). Thus, the face of the complaint presents a federal question. Accordingly, I deny Prendeville's motion for an order to show cause.

Next, I turn to whether, applying the five factors set forth in *Ghazali*, I should dismiss this action based on Prendeville's failure to file response briefs. The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its

docket—weigh in favor of dismissing Prendeville's claims. As noted above, this case appears to be his fifth action challenging his mortgage and/or debt related to the same real property.[5]

Further, there appears to be merit to all three motions to dismiss. A review of the exhibits accompanying the second-amended complaint filed in Las Vegas Justice Court shows that Prendeville, on his own behalf and seemingly on behalf of his wife, sent letters disputing debts going to back to 2018. *See generally* ECF No. 1 at 14–40. While certainly not dispositive, the most recent letter that seems to dispute any debts is dated January 11, 2022, which would be long after the one-year statute of limitations under 15 U.S.C. § 1692(k). *Id.* at 30–40. And, as it relates to Dimon, there is no information in the record indicating that he was properly served with process.

The third factor also weighs in favor of dismissal. There is no apparent risk of prejudice to the defendants by dismissing this action at this juncture. Four of the defendants move to dismiss, while the others join in those motions, incorporating and adopting the movants' arguments by reference. With no responses to any of the pending motions to dismiss, I have no information as to why or how dismissal without prejudice would be prejudicial to Prendeville.

The fourth factor further weighs against dismissal. As noted above, public policy favors the disposition of cases on their merits. While dismissing this case would add to the number of Prendeville's cases that has not been resolved on the merits, this factor does not outweigh the other factors favoring dismissal. Last, with respect to whether less drastic measures have been considered, I have considered the alternatives and conclude that dismissal without prejudice is the least drastic measure. Thus, the fifth factor also weighs in favor of dismissal.

---

[5] The most recent action in this court, 2:22-cv-702, was voluntarily dismissed by Prendeville and his wife, Marlene Prendeville. *See* 2:22-cv-702-RFB-VCF at ECF No. 7. Prendeville also seeks relief through bankruptcy proceedings, which are ongoing.

### III. Conclusion

IT IS THEREFORE ORDERED that defendants' motions to dismiss [ECF Nos. 10, 11, 13] are GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for an order to show cause [ECF No. 24] is DENIED.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED this June 2, 2023

_____
Cristina D. Silva
United States District Judge